Michael HARTT; Gary Rosen, Plaintiffs—Appellants,

v.

SONY ELECTRONICS BROADCASTING & PROFESSIONAL COMPANY, a corporation, Defendant—Appellee.

No. 02–56046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 15, 2003.

Before: TROTT and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Hartt and Rosen appeal from the dismissal of their lawsuit alleging three causes of action against Sony: (1) wrongful discharge in violation of public policy; (2) intentional infliction of emotional distress; and (3) violations of California Business & Professions Code § 17200, *et seq.* We review Federal Rule of Civil Procedure 12(c) dismissals de novo. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001). A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moving party is entitled to judgment as a matter of law. *Id.*

In the absence of a contract, employment in California is "at will," meaning that an employee can be terminated without good cause. Cal. Lab.Code § 2922. Under California law, however, an employer cannot terminate an employee for a purpose that contravenes fundamental public policy. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665, 254 Cal.Rptr. 211, 765 P.2d 373 (Cal.1988); *Grant–Burton v. Covenant Care, Inc.*, 99 Cal.App.4th 1361, 1370, 122 Cal.Rptr.2d 204 (Cal.Ct. App.2002). To support a tort claim of wrongful discharge in violation of public policy, the policy in question "must be: (1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *Stevenson v. Superior Court,* 16 Cal.4th 880, 894, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (Cal.1997).

Hartt and Rosen base their wrongful termination claim on California Labor Code § 96(k) and Article 1, Section 1 of the California Constitution. They claim these provisions establish a general public policy against terminating employees solely for engaging in lawful activity outside of their regular employment. But we think the appropriate question is whether a public policy exists to protect Hartt and Rosen's specific behavior, moonlighting. We hold that these provisions do not establish a public policy prohibiting employers from discharging employees for moonlighting.

Section 96(k) is merely a jurisdictional statute. It reads: "The Labor Commissioner ... *shall* ... *take assignments of* ... (k) Claims for loss of wages as the result of demotion, suspension, or discharge from employment for lawful conduct occurring during nonworking hours away from the employer's premises." (emphasis added).

Nor does Article 1, Section 1 of the California Constitution delineate a "pro-moonlighting" policy. Article 1, Section 1 generally provides:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting *property,* and pursuing and obtaining safety, happiness, and *privacy.*

(emphasis added). None of the cases cited by Hartt and Rosen regarding the "property" or "privacy" provisions of Article 1, Section 1, support their argument that the California Constitution recognizes a public policy against discharging an employee for moonlighting.

In addition, their allegations fail to satisfy all the other elements of a tort claim for wrongful discharge in violation of public policy: it is not "public" in the sense that it inures to the benefit of the public rather than serving merely the interests of the individual; it is not well established; and, it is not substantial and fundamental. *See generally Stevenson v. Superior Court,* 16 Cal.4th 880, 895–97, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (Cal.1997) (applying the four elements that must be satisfied to support a wrongful discharge claim in violation of public policy).

Hartt and Rosen's claims for intentional infliction of emotional distress and a violation of California Business & Professions Code § 17200 both rest on the same theory that does not find support in the cited provisions of California law. Sony's motion for judgment on the pleadings was properly granted.

AFFIRMED.