**MAXNER COMPANY LTD, a Taiwan Corporation, Plaintiff—Appellant,**

v.

**COSTCO WHOLESALE CORPORATION, a Washington Corporation, Defendant—Appellee.**

No. 01–35517.

D.C. No. CV–00–1257–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Oct. 2, 2002.

---

[*] The Honorable Lloyd D. George, Senior United States District Judge for Nevada, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Maxner Co., Ltd. ("Maxner") appeals the district court's judgment on the pleadings, dismissing Maxner's tortious interference with contract action against Costco Wholesale Corporation ("Costco"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(c). *Weeks v. Bayer,* 246 F.3d 1231, 1234 (9th Cir.2001). A judgment on the pleadings is properly granted only when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001).

The elements of tortious interference with contract under Washington law are: (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant had knowledge of that relationship or expectancy; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant interfered for an improper purpose or used improper means; and (5) resultant damage. *Monotype Corp. PLC v. Int'l Typeface Corp.,* 43 F.3d 443, 455 n. 11 (9th Cir.1994) (citing Restatement (Second) of Torts § 766(B) (1979)); *Leingang v. Pierce County Med. Bureau, Inc.,* 131 Wash.2d 133, 930 P.2d 288, 300 (Wash.1997) (en banc).

Maxner's allegation of improper purpose was sufficient. If Maxner can show that the motive for Costco's rejection of the goods was for a purpose other than "economic viability" and for "considerations outside the scope of the parties' obligations under their existing agreement," *see Cherberg v. Peoples Nat'l Bank,* 88 Wash.2d 595, 564 P.2d 1137 1144 (Wash.1977), such a rejection would be "wrongful," as alleged by Maxner. We therefore disagree with the district court's conclusion that Maxner did not allege intentional interference. If Maxner can establish that Costco knew, or was substantially certain, that its rejection of goods and refusal to permit cure would interfere with the Maxner/Chrisha Corpo-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ration ("Chrisha") contract, Costco's intentional interference would be sufficiently pled. Restatement (Second) of Torts § 766 cmt. j (1977); *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc.*, 52 P.3d 30 (Wash.Ct.App. 2002) ("Interference with a business expectancy is intentional 'if the actor desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action.'" (quoting Restatement (Second) of Torts § 766B, cmt. d)). The district court thus erred in concluding that Maxner failed to allege Costco's intentional interference with the Chrisha contract. We therefore reverse this ruling and remand to the district court for further proceedings.

**REVERSED** and **REMANDED.**

RAWLINSON, Circuit Judge, Dissenting.

I respectfully dissent. I agree with the district court that Maxner failed to allege a viable claim.

Under Washington law, the elements of tortious interference with contract encompass a requirement that the interference must be "wrongful by some measure beyond the fact of the interference itself." *Pleas v. City of Seattle*, 112 Wash.2d 794, 774 P.2d 1158, 1163 (Wash.1989) (en banc). The majority conveniently neglects to mention that Maxner and Costco had no contractual relationship. Costco's contract was with Chrisha Corporation ("Chrisha") and not with Maxner. Chrisha never requested an opportunity to cure and Costco had no obligation to allow cure by a nonparty to the contract.

The majority cites *Cherberg v. Peoples Nat'l Bank of Washington*, 88 Wash.2d 595, 564 P.2d 1137, 1144 (Wash.1977) (en banc), to support its analysis. However, *Cherberg* is easily distinguished from the facts with which the district court was presented. The majority's quotation from *Cherberg* is taken completely out of context. Placed in proper context, the quoted language dictates the opposite conclusion than that advanced by the majority. Immediately prior to the language quoted by the majority, the court in *Cherberg* discussed contract breach "as a basis for tort liability where it results in an interference with a valid business expectancy of *another party to the ... agreement.*" *Cherberg*, 564 P.2d at 1144. (emphasis added).

No reasoned argument can be made that *Cherberg* supports tort liability in a circumstance involving noncontracting parties. Persuasive authority from the Washington state courts is to the contrary. In *Birkenwald Distrib. Co. v. Heublein, Inc.*, 55 Wash.App. 1, 776 P.2d 721, 727 (1989), the Washington Court of Appeals explicitly ruled that an intentional interference with contract claim may not be predicated upon an act that is a contractual right. "Asserting one's rights to maximize economic interests does not create an inference of ill will or improper purpose." *Id.*

As in *Birkenwald*, the means in this case were not wrongful because Costco had a contractual right to reject nonconforming goods, and had no contractual obligation to allow Maxner to cure Chrisha's breach. The asserted wrong is the interference itself, which cannot serve as a basis of liability. *See Pleas*, 774 P.2d at 1163. Because Maxner's complaint does not state a claim under Washington law, I would affirm the district court's judgment in favor of Costco.