**Janice ABNER, Plaintiff–Appellant,**

v.

**COMPTON UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

No. 02–56539.

D.C. No. CV–01–08649–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Janice Abner, pro se, Inglewood, CA, for Plaintiff–Appellant.

J. Michael Declues, Esq., Declues & Burkett, LLP, Santa Ana, CA, for Defendant–Appellee.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM **

Janice Abner appeals pro se the district court's order dismissing her employment

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

discrimination action against the Compton Unified School District, alleging sex discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo determinations of res judicata, *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987), and for abuse of discretion the district court's denial of leave to amend, *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999). We affirm.

The district court properly dismissed Abner's claims connected to her reassignment from school psychologist to classroom teacher on res judicata grounds because she has brought four previous actions arising from the same transactional nucleus of facts in state and federal court, and could have asserted these claims in the prior actions. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.1982) (res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action).

The district court properly dismissed Abner's second cause of action without prejudice because actions to enforce the terms of a settlement agreement with the Equal Employment Opportunity Commission are not allowed under state contract law, *see Equal Employment Opportunity Commission v. Pierce Packing Company*, 669 F.2d 605, 608 (9th Cir.1982), and because the district court allowed Abner leave to amend her complaint to state a Title VII claim, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001).

The district court did not abuse its discretion by denying Abner's motion to further amend her complaint, because amendment would have been futile. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).

AFFIRMED.