Roger LAY, Plaintiff—Appellant,

v.

TREESOURCE INDUSTRIES, INC., an Oregon corporation, Defendant— Appellee.

Roger Lay, Plaintiff—Appellee,

v.

Treesource Industries, Inc., an Oregon corporation, Defendant— Appellant.

Nos. 03–35954, 04–35225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2005.

Decided Aug. 10, 2005.

Jeffrey M. Batchelor, Esq., Leah B. Cronn, Lynn Reiko Nakamoto, Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland, OR, for Plaintiff–Appellant and Plaintiff–Appellee.

Carter M. Mann, Nancie K. Potter, Esq., Foster Pepper Tooze, LLP, Portland, OR, for Defendant–Appellee and Defendant–Appellant.

Before: HUG, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Roger Lay appeals an order of the district court granting summary judgment in favor of TreeSource Industries, Inc. Lay filed a complaint alleging that TreeSource refused to pay severance benefits to which he was entitled, pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Lay contends that the district court erred in denying his motion for summary judgment and that the court abused its discretion in denying his motion for leave to file an amended complaint. TreeSource cross-appeals the district court's denial of its motion for attorneys' fees. We have jurisdiction over the final order of the district court pursuant to 28 U.S.C. § 1291.

We conclude that the severance provision contained in the Restated Employment Agreement is ambiguous such that Lay has raised a genuine issue of material fact regarding his entitlement to severance payments.[1] The district court

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the complicated factual and procedural background of this case, we do not set it forth

accordingly erred in granting summary judgment in favor of TreeSource. We do not, however, agree with Lay that he is entitled to summary judgment. We therefore reverse the grant of summary judgment in favor of TreeSource and remand for further proceedings. In light of the reversal and remand, we need not reach TreeSource's cross-appeal regarding attorneys' fees.

We are to interpret the terms of an ERISA plan " 'in an ordinary and popular sense as would a [person] of average intelligence and experience.' " *Richardson v. Pension Plan of Bethlehem Steel Corp.,* 112 F.3d 982, 985 (9th Cir.1997) (quoting *Evans v. Safeco Life Ins. Co.,* 916 F.2d 1437, 1441 (9th Cir.1990)) (alteration in original). A pension plan is ambiguous when its "terms or words ... are subject to more than one reasonable interpretation." *McDaniel v. Chevron Corp.,* 203 F.3d 1099, 1110 (9th Cir.2000).

The severance provision at issue does not define "acquirer," "sale of TreeSource assets," or the phrase, "the assets have been acquired." First, it is unclear from the provision of the contract whether or not the term "acquirer" is synonymous with the term "employer." It also is unclear to which assets the provision refers— that is, whether something such as the auction of Spanaway's physical assets qualifies, or whether this refers solely to the sale of the stock of the entire company. These terms and phrases accordingly are subject to more than one reasonable interpretation, rendering the provision ambiguous.

The confusing nature of the severance provision is illustrated by the difference between Lay's and the district court's interpretations of the requirements for establishing an entitlement to severance payments. The district court stated that,

except as necessary to understand this dispo-

in order to establish his entitlement to severance payments, Lay needed to establish that an acquirer of TreeSource assets offered him a comparable position, assumed the Restated Agreement, and materially altered the conditions of his employment. The first two of those three conditions, however, are not listed as conditions applicable to an entitlement to severance payments. Rather, they are listed in the provision explaining when a terminated employee is not entitled to severance payments. Furthermore, the structure of the paragraph suggests that the provision the district court relied on may only be applicable to an employee terminated without cause, not an employee who resigned for "good reason," as Lay claims he did. Accordingly, Lay argues that he is entitled to severance benefits if he resigned as a result of a material adverse change in his employment caused by an acquirer. The paragraph is sufficiently ambiguous to support Lay's interpretation.

Moreover, although Galen Lee Bland testified that he did not want an employee to think that he could simply quit and be entitled to severance payments by virtue of the reorganization, Lay did not resign solely because of the reorganization. Lay remained with the company until the auction of the physical assets of the sawmill at which he was general manager. It was reasonable for him to believe that, at that point, he had experienced a material change in the conditions of his employment that would trigger the "good reason" provision of the Agreement.

The burden of uncertainty created by careless drafting is to be borne by the employer rather than the employee. *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.,* 293 F.3d 1139, 1145 (9th Cir. 2002); *see also, e.g., Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 903–04 (9th Cir.

sition.

2001) (construing an ERISA plan's coordination clause, coordinating the plan's medical coverage with other types of coverage, against the insurer where it was ambiguous whether the clause applied to underinsured motorist coverage); *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan,* 64 F.3d 1389, 1393–94 (9th Cir.1995) (construing an ambiguous subrogation clause against the insurer and in favor of the insured); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 942–43 (9th Cir.1995) (reversing the district court's grant of summary judgment in favor of the insurer where critical terms were undefined in the plan). Further, where an ambiguity exists in an ERISA plan, typically, a court will examine extrinsic evidence to determine the intent of the parties. *Richardson,* 112 F.3d at 985. The district court accordingly should have considered the evidence it excluded, such as the bankruptcy court order and the deposition testimony of Scot Tucker and Jess Drake, in order to determine the meaning of such a critical terms as "acquirer," "assets," and "acquired assets."

■ We further conclude that the district court abused its discretion in denying Lay's motion for leave to file an amended complaint. Leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001)). There is no indication that Lay displayed undue delay, bad faith or dilatory motive, or that he repeatedly failed to cure deficiencies by previous amendments, or that TreeSource would suffer undue prejudice by the proposed amendments. *See Smith v. Pac.*

*Props. & Dev. Corp.,* 358 F.3d 1097, 1101 (9th Cir.2004) (stating that leave to amend should be freely given in the absence of reasons such as undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, or undue prejudice to the opposing party), *cert. denied sub nom. Pac. Props. & Dev. Corp. v. Disabled Rights Action Comm.,* —— U.S. ——, 125 S.Ct. 106, 160 L.Ed.2d 116 (2004).

Lay's allegations in his proposed amended complaint would be relevant to the issue of TreeSource's alleged acquisition by TreeSource Acquisition Company and, accordingly, to Lay's entitlement to severance payments. Given the liberality with which leave to amend is to be given, the district court abused its discretion in denying Lay's motion. For these reasons, we reverse the district court's grant of summary judgment in favor of TreeSource and remand for further proceedings. We dismiss TreeSource's cross-appeal as moot. Lay shall recover his costs on appeal.

No. 03–35954 REVERSED and REMANDED.

No. 03–35225 DISMISSED as moot.