**In re: SAXTON, INC. SECURITIES LITIGATION**

**Steven J. Komie, Plaintiff–Appellant,**

v.

**Deloitte & Touche LLP;  Saxton, Inc.; James C. Saxton;  Kirk Scherer;  Melody J. Sullivan, Defendants–Appellees.**

No. 02–16172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Dec. 2, 2005.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

G. Mark Albright, Esq., Albright, Stoddard, Warnick & Albright, Las Vegas, NV, Brian Phillip Murray, Esq., Rabin & Peckel, LLP, New York, CA, Joseph V. Mcbride, Esq., Brian Murray, New York, NY, for for Plaintiff–Appellant.

Donn P. Pickett, Esq., Dale E. Barnes, Jr., Esq., Bingham Mccutchen, LLP, Viveka Agren Rydell, Esq., McCuthen Doyle

Brown & Enersen, LLP, San Franciso, CA, Stephen E. Morris, Esq., Morris Pickering & Sanner, Thomas D. Beatty, Esq., Donna Osborn, James F. Lisowski, Esq., Las Vegas, NV, Robert C. Vanderet, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, Daniel J. Shonkwiler, Esq., Brobeck, Phleger & Harrison, Palo Alto, CA, David M. Furbush, Esq., O'Melveny & Myers LLP, Menlo Park, CA, Christopher H. Mcgrath, Esq., Paul, Hastings, Janofsky & Walker LLP, San Diego, CA, for Defendant–Appellee.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

### MEMORANDUM **

Steven J. Komie, Arthur G. Mackey, and Hyman Schirtzer (hereinafter "Plaintiffs") brought a purported class action in the United States District Court for the District of Nevada against Deloitte & Touche, LLP ("Deloitte"), Saxton, Inc. ("Saxton"),[1] and individual Saxton officers James C. Saxton, Kirk Scherer, and Melody J. Sullivan, alleging violations of sections 10(b) and 20(a) of the Securities and Exchange Act of 1934. 15 U.S.C. §§ 78j(b), 78t(a) (2000). The Plaintiffs' amended complaint (the "Complaint") was brought on behalf of persons or entities who bought Saxton common stock during the period from May 15, 1998, through June 14, 2000; however, no class was ever certified. The district court dismissed the Complaint with preju-

dice, concluding that the Complaint failed to plead particular facts raising a strong inference of scienter and that granting leave to amend the Complaint would be futile.

Plaintiffs appeal the district court's dismissal of the Complaint and denial of leave to amend. With respect to Plaintiffs' claims against Deloitte, we affirm the district court's dismissal with prejudice. As to Plaintiffs' claims against the individual Saxton officers, we reverse the district court's denial of leave to amend the Complaint.

Securities fraud complaints brought under section 10(b) are governed by the heightened pleading standard adopted by Congress in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA requires plaintiffs to specify each misleading statement or omission and specify why each statement or omission was misleading. 15 U.S.C. § 78u–4(b)(1) (2000). Further, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). This circuit requires plaintiffs to "plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." *Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.)*, 183 F.3d 970, 974 (9th Cir.1999).

### I.

■ With respect to Deloitte, the Complaint alleges that Deloitte made material misstatements in connection with its audit reports on Saxton's financial statements

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendant–Appellee Saxton was severed from this appeal by order of this court dated January 4, 2005.

for the years ending December 31, 1998, and December 31, 1999. As an initial matter, Deloitte issued the 1999 audit report on May 16, 2000, and Plaintiffs concede that none of the Plaintiffs purchased any Saxton stock after May 16, 2000, but before the class period closing date on June 14, 2000.[2] Plaintiffs assert no loss in connection with Deloitte's 1999 audit report, and therefore have no standing to bring a private damages action under section 10(b) with respect to the 1999 audit report. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731–32, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) (standing to bring a private damages action under section 10(b) is limited to actual "purchasers" or "sellers" of securities).

■ The remainder of the claims against Deloitte allege loss based on material misstatements in Deloitte's 1998 audit report, and we agree with the district court that the Complaint fails to plead particular facts raising a strong inference that Deloitte had the requisite scienter in connection with the 1998 audit report. To meet the PSLRA pleading standard for auditor conduct, plaintiffs must plead particular facts showing that "the accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts." *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 390 (9th Cir.2002) (citation omitted). "[M]ere allegations that an accountant negligently failed to closely review files or follow GAAP cannot raise a strong inference of scienter." *Id.*

Here, the Complaint alleges that Deloitte should have been aware of GAAP and GAAS violations, and should have perceived red flags indicating errors in Saxton's financial statements. These allegations do not satisfy the PSLRA pleading requirement for scienter. In light of the fact that Plaintiffs lack standing to pursue claims based on the 1999 audit report, the high PSLRA pleading standard for auditor conduct, and the factual record before this Court, amendment of the Complaint against Deloitte would be futile. Plaintiffs cannot rephrase their allegations against Deloitte to state a claim under the PSLRA. Accordingly, the district court properly dismissed the Complaint against Deloitte, and did not abuse its discretion by denying the Plaintiffs' request for leave to amend.

## II.

■ As to the individual Saxton officers, we agree that the Complaint fails to meet the heightened PSLRA pleading requirement for scienter. The Complaint alleges that the individual Saxton officers were deliberately reckless or had actual knowledge that Saxton financial statements were materially misleading. Specifically, the Complaint alleges that James Saxton, Chief Executive Officer and holder of a significant ownership interest in Saxton, signed for unreported loans made to Saxton, signed unreported interest payment checks, authorized the improper capitalization of interest expenses, authorized the improper recognition of revenue on tax credit partnerships ("TCPs"), and orchestrated a revenue recognition scheme using one of Saxton's apartment construction projects. Further, the Complaint alleges

---

2. Deloitte suggests that one plaintiff purchased shares of Saxton common stock after June 14, 2000. There appears to be no record evidence of this purchase, and even if there were record evidence, a purchase outside the class period cannot be the basis for Plaintiffs' standing to assert a claim against Deloitte.

that Kirk Scherer, Chief Financial Officer, signed unreported interest payment checks, and executed the improper capitalization of interest expenses and the improper recognition of revenue from TCPs. Finally, the Complaint alleges that Melody Sullivan, Chief Accounting Officer, executed the improper capitalization of certain interest expenses and the improper recognition of revenue on TCPs. We conclude that these allegations fail to plead particular facts sufficient to raise a strong inference that any of the individual Saxton officers knew, or were deliberately reckless in avoiding knowledge, that the Saxton financial statements were materially false.

■ As to the district court's denial of leave to amend the Complaint against the individual Saxton officers, we conclude that the district court abused its discretion. The district court determined merely that Plaintiffs failed to meet the PSLRA pleading requirement for scienter, and denied Plaintiffs leave to amend based on futility. Under Fed.R.Civ.P. 15(a), leave to amend shall be freely given when justice so requires. *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001). Adherence to liberal grants of leave to amend is "especially important in the context of the PSLRA." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003). Because the district court dismissed the Complaint based solely on Plaintiffs' failure to plead scienter, and did not provide any reasoned explanation as to why leave to amend would be futile with respect to the individual Saxton officers, we conclude that the court abused its discretion. Therefore, we determine that the district court should not have dismissed the Complaint, as to the individual Saxton officers, with prejudice.

Accordingly, the district court's decision is AFFIRMED in part, REVERSED in part, and REMANDED to allow Plaintiffs an opportunity to amend the Complaint.