**Robert S. STESKAL, Plaintiff–Appellant,**

v.

**BENTON COUNTY; et al., Defendants–Appellees.**

No. 06–35052.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

Robert S. Steskal, Coburg, OR, pro se.

Gerald L. Warren, Law Office of Gerald L. Warren, Salem, OR, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Robert S. Steskal appeals pro se from the district court's judgment dismissing his action on grounds of issue and claim preclusion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nuclear Info. & Res. Serv. v. United States Dep't. of Transp.*, 457 F.3d 956, 958 (9th Cir.2006), and we affirm.

The district court properly dismissed this action based on the principles of issue and claim preclusion, because Steskal's federal claims were or could have been litigated in *Steskal v. Benton County, et*

*al.*, No. CV–04–06158–TMC (D.Or.). *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir.1999) ("Collateral estoppel, or issue preclusion, prevents parties from relitigating an issue of fact or law if the same issue was determined in prior litigation."); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (claim preclusion bars subsequent litigation when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.") (internal quotations and citations omitted).

Having properly dismissed Steskal's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Steskal's new state law claims. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir.2003).

Steskal's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.