Jonathan CARTER, Plaintiff—
Appellant,

v.

CLARK COUNTY;  et al., Defendants—
Appellees.

No. 05–17201.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 1, 2007.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Gloria J. Sturman, Esq., Wilson Elser Moskowitz, et al., Diane C. Roth, Esq., Alverson Taylor Mortensen Nelson & Sanders, Nevada Attorney General's Office, Las Vegas, NV, for Defendants–Appellees.

Before: ROTH *, THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jonathan Carter appeals the district court's order granting the Family and Child Treatment of Southern Nevada ("FACT") and Clark County's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). We affirm the dismissal of Clark County, but reverse and remand the dismissal of FACT. Because the parties are familiar with the factual and procedural history, we will not recount it here.

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Clark County asserts that Carter's claims are barred by Nevada's statute of limitations and that Clark County is entitled to absolute immunity. We affirm the district court's decision that Carter's claims are barred by the statute of limitations. Carter is unable to take advantage of Nevada's tolling exception embodied in the "discovery rule" because the uncontroverted evidence—namely the fact that he filed a Motion for Psychological Examination of Alleged Victim during the pendency of his criminal case—indicates that he knew or should have known about the purportedly withheld information regarding his sister's mental and/or emotional problems. *See Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 780 (9th Cir.2002) (citing *Siragusa v. Brown,* 114 Nev. 1384, 1400–01, 971 P.2d 801 (1998)). Because we affirm on statute of limitations grounds, we will not address Clark County's absolute immunity claim.

In addition, we note that Carter has failed to assert a cognizable claim under § 1983. The Constitution does not require the disclosure of impeachment evidence prior to a guilty plea.[1] *See United States v. Ruiz,* 536 U.S. 622, 628–29, 633, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (stating that "[w]hen a defendant pleads guilty he or she, of course, foregoes not only a fair trial, but also other accompanying constitutional guarantees").

While we find that the district court's dismissal of the claims against Clark County was proper, the same cannot

1. We note that this court's recent decision in *Goldstein v. City of Long Beach,* 481 F.3d 1170, 1176 (9th Cir.2007), is not implicated since Carter pled guilty and therefore cannot assert that the prosecutor's failure to disclose material impeachment evidence violated a constitutional right.

be said of the dismissal of the claims against FACT. Although FACT's failure to plead res judicata as an affirmative defense is not fatal to its claim because Carter did not suffer any prejudice, *see Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001), we are unable to conclude that FACT may take advantage of Rule 41(a)(1)'s Two Dismissal Rule. The district court improperly relied upon the contract between FACT and the State Defendants in ruling on the Rule 12(b)(6) motion because the contract was presented outside of the pleadings. *See* Fed.R.Civ.P. 12(b)(6); *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). Treating the motion as a request for summary judgment pursuant to Federal Rule of Civil Procedure 56, the district court failed to provide the parties a "reasonable opportunity to present all material made pertinent" to a summary judgment motion. *See* Fed.R.Civ.P. 12(b).

■ The district court also erred in finding that as a matter of law FACT and the State Defendants are in privity for res judicata purposes. The contract between FACT and the State Defendants raises material questions as to whether the parties are "substantially the same." *See Luke at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.,* 933 F.2d 724, 728 (9th Cir.1991) (internal quotation marks omitted).

Accordingly, the district court's order dismissing the claims against Clark County is **AFFIRMED** and the dismissal of the

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

claims against FACT is **REVERSED and REMANDED.**