**James GREEN, Plaintiff—Appellant,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA; et al., Defendants—Appellees.**

No. 06–55292.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Dec. 10, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Glenn R. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, Russell G. Petti, Esq., Law Offices of Russell G. Petti, La Canada, CA, for Plaintiff–Appellant.

Daniel W. Maguire, Esq., Galton & Helm, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS and PAEZ, Circuit Judges, and CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, Senior    United States District Judge for the Northern

**44**

MEMORANDUM **

Green appeals the district court's finding that Sun Life properly denied his claim for disability benefits.

A district court's interpretation of a contract is reviewed de novo. *See Lamantia v. Voluntary Plan Administrators, Inc.,* 401 F.3d 1114, 1118 (9th Cir.2005). We "interpret[ ] terms in ERISA insurance policies in an ordinary and popular sense as would a person of average intelligence and experience." *Babikian v. Paul Revere Life Ins. Co.,* 63 F.3d 837, 840 (9th Cir. 1995) (internal quotations and citation omitted). "[A]mbiguous language is construed against the insurer and in favor of the insured." *McClure v. Life Ins. Co. of N. Am.,* 84 F.3d 1129, 1134 (9th Cir.1996).

■ Under Green's policy, during the elimination period and the subsequent 24 months, the period at issue, a claimant is "totally disabled" if "because of Injury or Sickness, [he] is unable to perform the Material and Substantial Duties of his Own Occupation." In interpreting this provision, the district court adopted Sun Life's "functionality test," requiring that Green leave work because of a specific condition and that this specific disability last throughout the elimination period. This interpretation is not supported by the plain language of the policy. The disabling clause does not limit the insured's showing of "sickness or injury" to a single, disabling cause. Rather, all the insured need show is that he was "totally disabled" for the duration of the elimination period.

The record shows that Green may have been disabled because of his orthopedic condition during the elimination period. If, through a combination of vertigo and orthopedic problems, Green was "unable to

perform the Material and Substantial Duties of his Own Occupation" between June 26 and December 23, 2002, he would be "totally disabled" throughout the elimination period within the definition of the policy.

■ The district court also found that Green had not established that he was under the "regular and continuing care" of a physician until January 8, 2004, because he did not make a "direct complaint" of neck pain until this date. The record compels a different conclusion. Green complained of "arthritis" in his neck on October 30, 2002. Green had been told by his physical therapist and chiropractor that his neck pain may be due to arthritis. The record supports a conclusion that Green was seeking treatment for his orthopedic ailment at least as early as this date. We need not decide the precise date when Green came under the continuing care of a physician. Under the policy, if Green satisfied the total disability clause, he would be entitled to a monthly disability benefit beginning at the end of the elimination period, December 23, 2002. Green was under the regular and continuing care of a physician at least as early as December 23, 2002.

As an alternative basis for upholding the district court's decision, Sun Life argues that Green is not entitled to benefits under the policy because (1) he received workers' compensation benefits for carpal tunnel syndrome and (2) his orthopedic disability was the result of his employment as a truck driver under the policy's "wage or profit" exclusion. Sun Life waived both defenses.

■ The district court found that Sun Life was barred from raising the workers'

District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

compensation exclusion defense because it was not pled in Sun Life's answer. We agree. A defendant may "raise an affirmative defense for the first time in a motion for judgment on the pleadings, but 'only if the delay does not prejudice the plaintiff.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (quoting *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir.1997)). Sun Life did not raise the workers' compensation exclusion defense until its trial brief in October 2005.

■ Sun Life raises the "wage or profit" exclusion argument for the first time on appeal. Because the applicability of the provision hinges on a factual question that was not addressed, we do not consider this defense. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir.1985).

**AFFIRMED in part; REVERSED in part; REMANDED.**

