Anthony K. HART;  D. Motley,
Plaintiffs–Appellees,

v.

Gregory GAIONI, ATF Special Agent; Debra W. Yang, United States Attorney;  George Cardona, Chief Assistant United States Attorney;  Leon W. Weidman, Assistant United States Attorney, Chief, Civil Division;  David Pinchas, Assistant United States Attorney (Civil Division);  Alka Sagar, Assistant United States Attorney (Criminal Division);  Charles Mulally, IRS Special Agent, Defendants–Appellants.

No. 06–55808.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Dec. 21, 2007.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiffs–Appellees.

George S. Cardona, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Robert I. Lester, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellants.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Defendants appeal the order of the district court denying their motion to dismiss on the basis of qualified immunity. We have jurisdiction over interlocutory appeals of a district court's denial of qualified immunity. *Brittain v. Hansen,* 451 F.3d 982, 987 (9th Cir.2006). We review the district court's denial of a motion to dismiss *de novo.* *Id.* "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001).

Government officials are entitled to qualified immunity unless the facts "[t]aken in the light most favorable to the party asserting the injury ... show the officer's conduct violated a constitutional right." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Civil litigants have a First Amendment right to be represented by counsel of choice free from unreasonable government interference with the attorney-client relationship. *See, e.g., Bhd. of R.R. Trainmen v. Virginia,* 377 U.S. 1, 7–8, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964). The states may, however, regulate the attorney-client relationship through the promulgation of rules of professional responsibility, so long as those rules are content-neutral and narrowly tailored to serve a compelling state interest. *Mothershed v. Justices of Supreme Court,* 410 F.3d 602, 611 (9th Cir.2005).

The rules of professional responsibility require an attorney to disclose any potential conflict of interest to the client and obtain a written waiver of the conflict. *E.g.,* Cal. Rules of Prof'l Conduct R. 3–310.

This rule is content-neutral because it applies equally in all cases regardless of the nature of the litigation. *See Mothershed,* 410 F.3d at 611 ("Speech restrictions are content-neutral when they can be justified without reference to the content of the regulated speech.") (citation omitted). It also serves the compelling government interest in regulating the practice of law. *See id.* Finally, it is narrowly tailored to serve that interest in that it allows attorneys to represent clients despite a conflict of interest so long as the client knowingly waives the conflict and elects for the attorney to continue representing her. Thus the rule is a reasonable restriction on the First Amendment right to counsel of choice.

■ Plaintiffs' attorney knew about the potential conflict of interest and had a duty to disclose it. Any action by the prosecutor that simply informed plaintiffs of information that counsel was required to provide did not interfere with the attorney-client relationship. Therefore, plaintiffs have failed to state a violation of their constitutional rights.

The district court order is **REVERSED** and the case **REMANDED** with instructions to dismiss the action.

RYMER, Circuit Judge, concurring:

I concur in the judgment.