**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | No. 13-55539 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01475-RGK-OP |
| v. | MEMORANDUM[*] |
| LIM AND NASCIMENTO ENGINEERING CORPORATION, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 5, 2015[**]
Pasadena, California

Before: MURPHY,[***] GOULD, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael R. Murphy, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

Zurich American Insurance Company (Zurich) appeals the dismissal of its action against Lim and Nascimento Engineering (LAN)—for subrogation and equitable contribution arising out of Zurich's defense of Riverside County (County) in a tort suit—on res judicata and collateral estoppel grounds. We have jurisdiction under 28 U.S.C. § 1291 (2012), and we affirm on the basis of res judicata.

In the noninsurance context, the Supreme Court of California has held that "unless the parties' agreement expressly provides otherwise, a contractual indemnitor has the obligation, upon proper tender by the indemnitee, to accept and assume the indemnitee's active defense against claims encompassed by the indemnity provision." *Crawford v. Weather Shield Mfg. Inc.*, 44 Cal. 4th 541, 555 (2008). In the previous cross-complaint between the County and LAN, the Riverside County Superior Court held unambiguously that the allegations in the underlying tort suit and, consequently, the allegations in the cross-complaint, never triggered LAN's contractual duty to indemnify or defend the County. LAN did not breach its contractual obligations to the County because the County was found actively negligent and LAN had no responsibility for a resulting traffic accident on a road construction project.

Zurich is bound by the Superior Court's determination if, under the doctrine of res judicata, (1) there is an identity of claims between the County's contractual defense claim against LAN and Zurich's subrogation and equitable contribution

2

claims against LAN; (2) the Superior Court issued a final judgment on the merits of the County's contractual defense claim against LAN; and (3) privity exists between Zurich and the County. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

First, an identity of claims exists because both the County's claim and Zurich's claims against LAN require the courts to determine whether the County's tender of defense to LAN triggered LAN's contractual duty to defend the County. That the "two suits arise out of the same transactional nucleus of facts" is determinative of this first factor. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). Although during the trial of the cross-complaint the County did not seek from LAN reimbursement of the defense costs already paid by Zurich, the Superior Court ultimately determined adversely to the County the contractual defense issue that is now raised in both of the claims asserted by Zurich in its suit against LAN. The Statement of Decision following "a full trial on the merits of all of the controverted issues set forth in the COUNTY's First Amended Cross-Complaint and the Answers thereto," lists one of the "four principal controverted issues as to LAN" as being: "Did LAN breach a contractual obligation set forth in LAN's indemnity clause to defend the COUNTY against claims from plaintiffs, which are embraced by LAN's promise of indemnity?"

3

Importantly, newly articulated claims based on the same transactional nucleus of facts are barred if the claims could have been brought in the earlier action. *Tahoe-Sierra*, 322 F.3d at 1077; *see also U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought."). Any novel theories that Zurich would have argued in pursuit of the County's defense claim against LAN, above and beyond those submitted by the County, are therefore barred because they could have, and should have, been brought during the litigation of the cross-complaint. In addition, the California Court of Appeal held in affirming the judgment that "[t]he defense costs issue that Zurich sought to address . . . substantially overlapped with the indemnity claim that the County pursued in the trial on the cross-complaint against LAN."

Second, there is no dispute that the Superior Court rendered a final judgment on the merits of the County's contractual defense claim against LAN. This determination was not disturbed by the Court of Appeal.

Finally, there exists privity between Zurich and the County. The Ninth Circuit has articulated guidelines for determining whether privity exists between parties in a California lawsuit:

4

Although "privity" is not a clearly defined concept under California law, it generally refers to persons who are so identified in interest with the parties to the original action that it is proper to bind them along with the parties to the original litigation. California courts look to whether the relationship between the party in the earlier suit and the nonparty bringing the current suit is "sufficiently close" to justify preclusion of the latter. Due process requires at a minimum that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action, and should reasonably have expected to be bound by the prior adjudication.

*Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997), *rev'd on other grounds en banc*, 131 F.3d 843 (9th Cir. 1997) (internal citations and quotation omitted).

Zurich's January 20, 2010, letter to the County's counsel states that "Zurich is subrogated to the contractual indemnity claim pled in [the] County's cross-complaint" and that, because Zurich remains entitled to recover defense costs in the event of a defense verdict, "it is very important that the cross-complaint, and the indemnity claim, *not be dismissed with prejudice or compromised without Zurich's consent*." The letter first demonstrates that, under the facts of this case, Zurich had a community of interest with the County. *See Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1292 (1998) ("The right of subrogation is purely derivative. . . . The subrogated insurer is said to 'stand in the shoes' of its insured, because it has no greater rights than the insured and is subject to the same defenses assertable against the insured."). The letter next demonstrates that Zurich had actual notice at the time

5

of the litigation that its interests were being litigated and that it viewed the County as acting as a representative party on its behalf, two facts that serve as independent bases for finding that Zurich should reasonably have been expected to be bound by the outcome of the cross-complaint. *See Jones*, 131 F.3d at 849.

Because the Superior Court held that the County's tender of defense did not trigger the duty to defend for the same reason that the tender did not ultimately trigger the duty to indemnify, and because it is undisputed that the County had an "incentive and opportunity" to litigate the duty to indemnify, the County adequately represented Zurich's interests. *See id.* at 848. As a result, Zurich was not an indispensable party to the cross-complaint. *Cf. Hodge v. Kirkpatrick Dev., Inc.*, 130 Cal. App. 4th 540, 547, 556 (2005) (holding that an indispensable party is virtually identical to a party who may intervene by right, and that a party may intervene by right to protect an interest "unless that [party's] interest is adequately represented by existing parties").

In sum, Zurich seeks to pursue in federal court an end-run around binding state court litigation in which it could have participated, but in which it ultimately chose not to until it was too late. Res judicata blocks that play.

**AFFIRMED.**