**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILUS MARDEL VALSON, | No. 19-15381 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01420-DAD-EPG |
| v. | |
| J. CLARK KELSO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 08, 2020**

Before:    SCHROEDER, CANBY, and TROTT, Circuit Judges.

California state prisoner Silus Mardel Valson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016) (dismissal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

based on claim preclusion); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (judgment on the pleadings). We affirm.

The district court properly dismissed Valson's action because Valson raised, or could have raised, his federal claims in his prior state action, which involved the same primary rights and parties or their privies, and resulted in a final judgment. *See Furnace*, 838 F.3d at 1023-26 (explaining that federal courts apply California's rules of preclusion to determine the preclusive effect of a California state court judgment; affirming dismissal on the basis of claim preclusion where a challenge involved "the same actions by the same group of officials at the same time that resulted in the same harm" (citation and internal quotation marks omitted)); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386-89 (Cal. 2015) (setting forth California's standards for claim preclusion; discussing privity in the context of vicarious liability); *Burdette v. Carrier Corp.,* 71 Cal. Rptr. 3d 185, 196-98 (Ct. App. 2008), *as modified on denial of reh'g* (Feb. 14, 2008) (vicarious liability is sufficient to establish privity).

**AFFIRMED.**

19-15381