UNITED STATES of America,
Plaintiff–Appellee,

Aman Khan; Stella Khan; Ethel Samson; Walter Samson; Mohammed Amin Sheikh; Abida Sheikh; United Electronics and Technology, Inc.; United Aircraft and Electronics, Claimants–Appellants,

v.

$3,124,977.28 IN U.S. CURRENCY; $384,706.72 Seized from Citicorp Brokerage Account No. 44G07699, Defendants.

No. 05–56190.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2007.*

Filed June 22, 2007.

prior bad acts instruction. Bland's contention that the district court erred in sentencing is necessarily moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ann Luotto Wolf, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

James C. Bechler, Esq., for Claimants–Appellants.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

Aman Khan and Stella Khan ("the Khans") challenge the district court's denial of their motion for leave to amend their answer to the forfeiture complaint, and Stella Khan ("Stella") challenges the district court's grant of summary judgment to the government in the forfeiture action against certain assets and real property.[1] Because the facts and procedural posture of this case are known to the parties, we do not repeat them here.

We review the district court's denial of a motion for leave to amend an answer for abuse of discretion. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). Where the district court has entered, as it did here, a pretrial scheduling order limiting the time to join additional parties or amend the pleadings, the motion for leave to amend is governed by Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992). We will review a district court's determination as to the preclusive effect of a pretrial order only for "a clear abuse of discretion." *Id.* at 607.

■ The district court did not clearly abuse its discretion when it denied the Khans' motion for leave to amend because they failed to "show good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000). The Khans had been aware of the forfeiture proceedings for over two years, and they knew from the start of those proceedings that they were supposedly (as they claimed in their motion) the owners of United and its assets. Moreover, they had structured the company so as to conceal their participation in it; they moved to amend the pleadings only after the fraud had been exposed and Tony Khan had relinquished his claims in the forfeiture proceedings. In sum, there is no basis for finding that the district court abused its discretion in denying their motion.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On January 24, 2005, Tony Khan, United Electronics and Technology, Inc., and United Aircraft and Electronics (collectively with United Electronics and Technology, "United") withdrew from the forfeiture action below, and on March 31, 2006, we dismissed the appeal as to appellants Ethel Samson, Walter Samson, Mohammed Amin Sheikh, and Abida Sheikh for failure to prosecute. Because we affirm the district court's denial of the Khans' motion for leave to amend, Stella Khan is the sole remaining claimant on appeal.

■ The district court properly granted summary judgment against Stella.[2] First, as to all of the assets with the exception of the Fontana property, she lacks standing to assert any claim in the forfeiture proceedings because she does not have "a sufficient ownership interest ... to create a case or controversy." *United States v. $4,224,958.57,* 392 F.3d 1002, 1005 (9th Cir. 2004). She argues that she and her husband are equitable owners of the assets under what appears to be a constructive trust theory and that those assets are part of their community estate. However, under California law, a constructive trustee is "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act," CAL. CIV.CODE § 2224, or "[o]ne who wrongfully detains a thing." CAL. CIV.CODE § 2223. Stella has not argued that Tony or United gained the funds in these accounts by any wrongful act, and she has not shown that he has wrongfully detained (or relinquished his rights in) these assets. Tony was the sole shareholder of United, and the monies in the accounts indisputably belonged to United. There simply is no basis for arguing that Stella had legal or equitable rights over the funds in United's accounts or in assets—whether owned by United or by Tony Khan—that were derived from those funds.

■ Second, although Stella had standing to raise an Excessive Fines Clause defense to forfeiture of the Fontana property, she cannot show that the forfeiture is excessive. We previously have held that at least some forfeitures, even of criminal proceeds, may be subject to the limitations of the Excessive Fines Clause. *See, e.g.,*

*United States v. 3814 NW Thurman Street,* 164 F.3d 1191, 1194 (9th Cir.1999) (holding that forfeiture of the proceeds of wrongdoing was constitutionally excessive); *but see United States v. Real Prop. Located at 22 Santa Barbara Drive,* 264 F.3d 860, 874–75 (9th Cir.2001) (holding that forfeiture of drug proceeds is not subject to Eighth Amendment limitations "[b]ecause criminal proceeds represent the paradigmatic example of 'guilty property,' the forfeiture of which has been traditionally regarded as non-punitive"). If the forfeiture is punitive, the Excessive Fines Clause requires that the amount of the forfeiture not be " 'grossly disproportional to the gravity of the defendant's offense.' " *Thurman,* 164 F.3d at 1197 (quoting *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)). The statute of forfeiture likewise states that claimants "may petition the court to determine whether the forfeiture was constitutionally excessive" in relation to the "gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g).

Viewed in comparison with the gravity of the forfeiture offenses, the forfeiture of the Fontana property cannot be called disproportionate. As the district court detailed in the underlying proceeding, the fraud perpetrated by Tony Khan and his parents extended over several years and involved significant sums. Moreover, the district court found that over 99 per cent of the purchase price of the Fontana property derived from the proceeds of the underlying offense. The forfeiture of this property, purchased as it was almost en-

---

**2.** We review the district court's decision to grant summary judgment de novo. *See Qwest Comm'ns Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). This court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999).

tirely with the proceeds of a massive fraud scheme, is not constitutionally excessive.

**AFFIRMED.**