**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM L. SCOTT,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>JOHN E. POTTER, Postmaster General,<br>United States Postal Service,<br><br>        Defendant - Appellee. | No. 11-55353<br><br>D.C. No. 2:09-cv-06496-RGK-<br>FMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 4, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.


William L. Scott appeals the district court's dismissal of his action against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John E. Potter, Postmaster General of the United States Postal Service, alleging discrimination and retaliation in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1965. Scott also appeals the district court's denial of his Request for Continuance of the Motion for Summary Judgment Hearing Pursuant to Federal Rule of Civil Procedure 56(f). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment based on res judicata, *F.T.C. v. Garvey*, 383 F.3d 891, 896 (9th Cir. 2004), and for abuse of discretion a denial of a Rule 56(f) application, *Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). We affirm.

1.      The district court properly dismissed Scott's claims of discrimination and retaliation on res judicata grounds. The doctrine of res judicata "bars any lawsuits on any claims that were raised or could have been raised in a prior action." *Garvey*, 383 F.3d at 897 (quotation marks omitted). Res judicata applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (quotation marks omitted). The only dispute here is whether there is an identity of claims between the instant action and the prior action.

        There is an identity of claims between the prior action and the instant action

because the wrongful acts alleged in the complaints were based on the same transactional nucleus of facts. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) ("The central criterion in determining whether there is an identity of claims between the first and second adjudication is whether the two suits arise out of the same transactional nucleus of facts." (quotation marks omitted)). In all three complaints, Scott alleged that, after he was rendered disabled from a shoulder injury at work, Appellee discriminated against him due to his disability and retaliated against him for filing Equal Employment Opportunity claims.

The only difference among the three complaints is that the acts alleged in the prior action occurred at a different time than the acts alleged in the instant action. Nevertheless, Scott neither sought a stay in the prior action to pursue administrative remedies for the wrongful acts alleged in the instant action, nor attempted to amend his complaint to include the wrongful acts alleged in the instant action even though all the wrongful acts occurred before the prior action was filed in the district court. *See Owens*, 244 F.3d at 714-15 ("Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their

3

Title VII claims."). Thus, the instant action is barred because there is an identity of claims and the claims could have been raised in the prior action. *Garvey*, 383 F.3d at 897.

2. The district court did not abuse its discretion by denying Scott's Request for Continuance of the Motion for Summary Judgment Hearing Pursuant to Federal Rule of Civil Procedure 56(f). The district court properly denied Scott's Rule 56(f) application because Scott failed to identify specific facts that further discovery would reveal nor did he explain why those facts would preclude summary judgment. *See Tatum v. City of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying relief.") (alteration omitted). Moreover, Scott failed to identify any effort to conduct discovery during the weeks his new counsel represented him in the district court. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) ("A district court abuses its discretion only if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." (internal quotation marks omitted)).

**AFFIRMED.**