FILED

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN GANT, an individual; et al., | No. 12-56080 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-05756-GAF-PJW |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued April 9, 2014
Submitted May 19, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

This is a case of mistaken identity arising from the separate arrests and

detentions of three men—Kelvin Gant, Reginald Lenard Smith, and Jose

Alexander Ventura—based on warrants intended for other people.  Appellants filed

over twenty federal and state law claims alleging that various defendants issued

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

flawed warrants, improperly arrested them, or improperly detained them. The district court ruled against all of the appellants' claims at issue on appeal either on motions to dismiss, through judgment on the pleadings, or on summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* A complaint need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted).

---

[1] In an opinion filed concurrently with this memorandum disposition, we address Gant's Fourth and Fourteenth Amendment claims against the L.A. City and L.A. County defendants filed under 42 U.S.C. § 1983, Ventura's Fourth and Fourteenth Amendment § 1983 claims against the L.A. City, L.A. County, San Bernardino, and Chino defendants, and Ventura's Bane Act claim against the Chino defendants.

Because the parties are familiar with the facts of the case, we will not recount them here.

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed de novo. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citation omitted).

A district court's decision to grant summary judgment is reviewed de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). On review, the appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

1.   Kelvin Gant

Kelvin Gant argues that the L.A. County defendants used "the coercive power of law enforcement to intentionally seize and hold" him in violation of California's Bane Act (Cal. Civ. Code § 52.1). The district court concluded that Gant's complaint did not allege any act that might qualify as "threats, intimidation, or coercion" under the Act and dismissed the claim on this basis. The record indicates that Gant was only briefly in the L.A. County defendants' custody, and

3

only for the purpose of appearing in court. Gant argues his detention, by itself, was a coercive act. But the California Court of Appeal recently held that "where coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Shoyoye v. Cnty. of Los Angeles*, 137 Cal. Rptr. 3d 839, 849 (Cal. Ct. App. 2012). Gant did not allege any independent coercive acts by the L.A. County defendants. We therefore affirm the district court's order dismissing this claim.

The L.A. County defendants briefly detained Gant post-arrest, and Gant argues they knew or should have known he was falsely imprisoned because his fingerprints did not match those of the warrant's subject. The district court concluded that Gant's false imprisonment claim was barred by California Civil Code § 43.55, which states in pertinent part: "[t]here shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant." Section 43.55 pertains to arresting officers, not jail personnel, but *Lopez v. City of Oxnard* rejected a similar false

4

arrest claim against jail personnel. 254 Cal. Rptr. 556, 560 (Cal. Ct. App. 1989) ("Jail personnel may not be similarly situated to police officers on the street, but they, too, are entitled to rely on process and orders apparently valid on their face."); *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 393 (9th Cir. 2014) (confirming that jail personnel are not liable when they rely upon a warrant that is valid upon its face). Since the warrant at issue in Gant's arrest appeared to be valid on its face, and because Gant does not argue that he showed his judicial clearance form to the L.A. County defendants or otherwise complained to them that they were detaining the wrong person, we affirm the district court's order dismissing Gant's false arrest claim.

2.      Reginald Lenard Smith

Smith argues that the L.A. County defendants violated the Fourth Amendment's particularity requirement by not including the warrant subject's known biometric identifiers or full name on the warrant. We assume Smith refers to the warrant abstract, not the warrant issued by a court. Smith's claim challenging the particularity of the warrant is foreclosed by *Rivera*, which concluded that the warrant at issue there "satisfied the particularity requirement because it contained both the subject's name and a detailed physical description," even though it did not include a Criminal Investigation and Identification number.

5

*Id*. at 388. The warrant at issue in Smith's arrest satisfied that standard. We affirm the district court's order dismissing Smith's Fourteenth Amendment claim against the L.A. County defendants.

Smith might also appeal the dismissal of his claim that the L.A. County defendants over-detained him in violation of his Fourteenth Amendment due process liberty interest.[2] Assuming that this claim is raised on appeal, we affirm the district court's order dismissing it. The district court concluded the L.A. County defendants had lawful authority to detain Smith from August 15, 2007 to August 22, 2007 based on a misdemeanor warrant actually meant for him, and from August 22, 2007 until he was released on August 28, 2007 based on a valid court order. The latter was in place while it was determined that Smith was not the subject of a felony sexual battery warrant that appeared in the computerized database. *Rivera* held that "[i]f a suspect is held according to court order, county officials are not required to investigate whether that court order is proper." 745 F.3d at 392. Because Smith was detained pursuant to a court order, his jailers are not liable for detaining him for the period from August 22 to August 28.

---

[2] Plaintiffs' opening brief only summarizes this claim in its discussion of the district court's rulings. It does not include this claim in its discussion of the Fourteenth Amendment, and plaintiffs' reply brief mentions Smith only in the Fourth Amendment context.

The district court dismissed Smith's Bane Act and state law false imprisonment claims against the L.A. County defendants after concluding that Smith failed to exhaust his administrative remedies. Smith does not address exhaustion on appeal. Under the California Tort Claims Act, a plaintiff may not sue a public entity for "money or damages" until he has presented the claim to that entity, and the entity has either acted upon or rejected the claim. Cal. Gov't Code § 945.4. The Act further provides that "[a] claim relating to a cause of action for . . . injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). In the district court, Smith did not contest that he failed to file an administrative claim, instead arguing that he was covered under Gant's administrative claim. Even where two people suffer separate injuries from the same act or omission—which was not true of Smith and Gant—one person cannot rely on an administrative claim presented by another. *Nelson v. Cnty. of Los Angeles*, 6 Cal. Rptr. 3d 650, 661 (Cal. Ct. App. 2003). We affirm the district court's order dismissing Smith's Bane Act and false imprisonment claims against the L.A. County defendants.

3.  Jose Alexander Ventura

The district court dismissed Ventura's Bane Act and false imprisonment claims against the L.A. County defendants after concluding that Ventura failed to

7

exhaust his administrative remedies against these defendants. Ventura does not address exhaustion on appeal. We affirm the district court's order dismissing these claims.

Ventura makes the identical Bane Act claim against the San Bernardino defendants that Gant made against the L.A. County defendants—namely, that the defendants used the coercive power of law enforcement to intentionally seize and hold him in violation of his rights. But, like Gant, Ventura did not allege any independent coercive acts by the San Bernardino defendants apart from wrongful detention. For this reason, we affirm the district court's order granting San Bernardino summary judgment on Ventura's Bane Act claim.

The operative complaint did not assert a false imprisonment claim against the San Bernardino defendants by Ventura. Ventura argues that the Third Amended Complaint's Third Cause of Action (Bane Act damages claim) contained a state law false imprisonment claim. Even if the Third Cause of Action included such a claim, the Third Cause of Action did not list San Bernardino as a defendant. Ventura also argues that his false arrest claim is contained within the Fourth Cause of Action, but Ventura's Fourth Cause of Action is a §1983 claim, not a state law claim. We therefore affirm the district court's order dismissing Ventura's Bane Act claim against the San Bernardino defendants.

8

On appeal, Ventura argues that he has a viable false imprisonment claim against the Chino defendants and the district court did not rule on the claim. This is likely because it is unclear whether the operative complaint asserted a state law false imprisonment claim against Chino in the first place. As with the San Bernardino defendants, Ventura argues that his state law false imprisonment claim against the Chino defendants was included in the Third and Fourth causes of action, but the Third Cause of Action does not list the Chino defendants, and the Fourth Cause of Action is a § 1983 claim, not a state law claim. Thus, the district court did not err by failing to rule on this claim.

The judgment of the district court on the aforementioned claims is affirmed. The parties shall bear their own costs on appeal.

**AFFIRMED.**