**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHONGQI ZHU, | No. 13-55220 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05739-RGK-CW |
| v. | |
| COUNTY OF LOS ANGELES; YOLANDA MARTINEZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 11, 2015[**]
Pasadena California

Before: SENTELLE,[***] CHRISTEN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Zhongqi Zhu appeals from the dismissal of her original complaint as well as the district court's order refusing to vacate the dismissal and not permitting her to file an amended complaint. Because her original complaint did not state claims upon which relief could be granted, we affirm the district court's November 15, 2012 order granting defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We also affirm the portion of the district court's January 24, 2013 order denying Zhu's motion to vacate the dismissal under Federal Rule of Civil Procedure 60(b)(1).[1]  We reverse the portion of the district court's January 24, 2013 order denying Zhu's motion for leave to file her first amended complaint and remand for further proceedings for the reasons stated herein.

**1.** We review the district court's denial of a motion to amend a complaint "for abuse of discretion and in light of the strong public policy permitting amendment." *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).  The district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[1] Because we agree with the district court's analysis of excusable neglect, we need not take judicial notice of the electronic notices that were generated and electronically mailed to the law offices of George L. Young.  We therefore deny without prejudice Appellee's request for judicial notice.

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**2.** The district court abused its discretion when, without explanation, it denied as moot Zhu's motion for leave to amend her complaint. Zhu's motion was not moot simply because it was filed outside the 21-day period set by Federal Rule of Civil Procedure 15(a)(1)(B) for amendments as a matter of course. "In all other cases . . . [t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and this rule should "be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

**3.** We remand with instructions for the district court to reconsider Zhu's motion for leave to amend her complaint in light of the five *Foman* factors: (1) bad faith; (2) undue delay; (3) prejudice to the County; (4) whether Zhu had previously amended her complaint; and (5) futility of amendment. *Leadsinger*, 512 F.3d at 532. We intimate no view as to the merits of amendment.

**4.** Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART**.