

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOMINIC HEATH, guardian ad litem, personal representative for Andrea Heath and KENDALL JOHNSON, guardian ad litem, personal representative for Andrea Heath,

        Plaintiffs - Appellants,

  v.

CITY OF DESERT HOT SPRINGS; et al.,

        Defendants - Appellees.

No. 13-55946

D.C. No. 2:12-cv-02318-PSG-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,[**]
Senior District Judge.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Dominic Heath and Kendall Johnson, guardians ad litem for minor J.M.J., appeal the district court's dismissal of an action brought by J.M.J's predecessor in interest, Andrea Heath. Heath, a police officer with the City of Desert Hot Springs, brought a § 1983 claim and state law claims alleging that Defendants retaliated against her for exercising her First Amendment free speech and petition rights. We reverse and remand. Because the parties are familiar with the history of this case, we need not recount it here.

We review a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6) de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In undertaking this review, we "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Pub. Lands for the People, Inc. v. U.S. Dep't of Agric.*, 697 F.3d 1192, 1196 (9th Cir. 2012) (internal quotation marks omitted). "Dismissal under Rule 12(b)(6) is inappropriate unless [the plaintiff's] complaint fails to 'state a claim to relief that is plausible on its face.'" *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (en banc) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review a district court's decision to decline to exercise supplemental jurisdiction over state law claims after all federal claims were dismissed for abuse

of discretion.  *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010).

I

The district court erred in dismissing Heath's § 1983 claims because she could not establish a constitutional violation because Heath's reporting of illegal police acts did not constitute constitutionally protected speech.

It is well settled that the government is not permitted to stifle "the First Amendment rights [employees] would otherwise enjoy as citizens to comment on matters of public interest . . . ." *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 568 (1968).  In First Amendment retaliation cases involving public employees, courts are required to strike "a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.*

We have employed a five-step test to determine whether a public employee's speech is protected, namely:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee

3

differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

In dismissing the claims, the district court relied on *Huppert v. City of Pittsburg*, 574 F.3d 696 (9th Cir. 2009), and held Heath's reporting of illegal acts did not constitute constitutionally protected speech. *Huppert* had reasoned that because reporting illegal acts was part of an officer's duty, such speech was private and therefore unprotected. 574 F.3d at 707-08.

However, *Huppert* was overruled by *Dahlia v. Rodriguez*, 735 F.3d 1060 (9th Cir. 2013) (en banc). In *Dahlia*, we articulated three guiding principles for evaluating whether an individual speaks as a private citizen or as a public employee. 735 F.3d at 1074-75. We instructed courts to consider whether the employee confined her communications to the chain of command; whether the employee spoke about routine issues or raised broad concerns about, for example, systemic abuse or corruption; and whether the employee spoke in direct contravention to a supervisor's orders. *Id.* Application of the *Dahlia* principles compels the conclusion that Heath spoke as a private individual and not as a public employee.

4

First, Heath did not confine her communications to her chain of command. She repeatedly contacted individuals outside of her command to inform them of the abuses that occurred within the police department. She met with an FBI agent and an assistant United States Attorney on multiple occasions, and she filed a formal complaint with Internal Affairs. Thus, she satisfied the first *Dahlia* factor.

Second, Heath's speech concerned systemic police abuse and corruption, satisfying *Dahlia*'s second factor that the subject matter of the speech content not be of routine administrative matters, but be of broad concerns, such as departmental corruption or abuse.

Third, Heath spoke in direction contravention of her supervisor's orders, and was repeatedly harassed for speaking out against police abuse and corruption. Thus, her speech satisfied the third *Dahlia* factor.

Therefore, under *Dahlia*, Heath spoke as a private citizen on a matter of public concern, a conclusion that the Defendants do not challenge on appeal. Accordingly, the district court erred in dismissing her § 1983 First Amendment retaliation claims.

## II

The Defendants urge us to affirm the dismissal of the complaint on alternate grounds, not contained in the district court decision. We decline to do so.

## A

Contrary to the City's assertion, Heath's complaint adequately states a claim for relief for § 1983 liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under the familiar *Monell* analysis, a plaintiff may establish municipal liability by establishing that (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Heath's complaint alleged liability under all three *Monell* theories. Because the complaint provides the City with fair notice of her theories and the facts that underlie them and plausibly suggest an entitlement to relief, she has satisfied the minimal pleading requirements to survive a motion to dismiss under Rule 12(b)(6). *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (outlining pleading requirements applicable to civil actions); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* pleading principles to a *Monell* liability claim). On appeal, Heath indicates that she would likely seek leave to amend her complaint to add additional factual allegations, which she should be

granted on remand.  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed.R.Civ.P. 15(a)(2), and requests for leave should be granted with 'extreme liberality.'") (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

B

The individual officers ask us to grant them qualified immunity on appeal, contending the law was not clearly established at the time of their conduct.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (qualified immunity does not attach if the facts alleged demonstrate a violation of a constitutional right that was clearly established at the time of the defendant's misconduct).  However, Heath alleges that different individual Defendants engaged in different retaliatory acts over a period of multiple years, so the question of what "clearly established" law applies to each specific act of each individual is far from clear on this undeveloped record.[1]

---

[1] However, the fact that *Dahlia* overruled *Huppert* is, on its face, an insufficient basis to conclude the law was not "clearly established" as a general matter applicable to all Defendants because *Huppert* post-dated some of the alleged incidents, and the question of whether the law was "clearly established" must be determined as of the time of the alleged constitutional violation.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Therefore, we decline to reach the question of qualified immunity for the first time on appeal without the benefit of a fully developed record and an analysis by the district court in the first instance. We remand for the district court to consider whether Defendants are entitled to qualified immunity.

## III

The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Heath's state law claims after dismissing the federal claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). However, because we reverse the district court's dismissal of Heath's federal claims, we vacate the district court's order declining supplemental jurisdiction to permit the court to reconsider the question of whether to exercise supplemental jurisdiction over the state law claims.

## IV

In sum, we reverse the district court's dismissal of Heath's § 1983 claims. We conclude that Heath has pleaded a *Monell* claim against the City sufficiently to withstand a Rule 12(b)(6) motion to dismiss. We decline to rule on the individual Defendants' assertions of qualified immunity for the first time on appeal. We vacate the district court's order declining supplemental jurisdiction over the state law claims to permit the district court to reconsider that question.

We deny all pending motions as moot. We need not, and do not, reach any other issue urged by the parties on appeal.

**REVERSED AND REMANDED.**