NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA ROCHA, | No.     15-16908 |
| Plaintiff-Appellant, | D.C. No.<br>1:14-CV-00842-BAM |
| v. | |
| CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara A. McAuliffe, Magistrate Judge, Presiding

Submitted May 16, 2017[**]
San Francisco, California

Before: MURGUIA and CANBY, Circuit Judges, and RUFE,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Linda Rocha appeals the district court's order granting California Department of Corrections and Rehabilitation's ("CDCR's") motion for judgment on the pleadings on *res judicata* grounds. We affirm.

1.      We have jurisdiction pursuant to 28 U.S.C. § 1291. Rocha timely filed a notice of appeal within 30 days of the district court's entry of judgment in favor of CDCR. ER 1-2. The district court's earlier judgment in favor of Defendant Groves (who at that point was the only defendant who had been served) did not trigger the 30-day window to file a notice of appeal because the judgment resolved only the claims against Groves and the district court went on to adjudicate Rocha's claims against CDCR. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 (9th Cir. 2004).

2.      The district court correctly held that *res judicata* barred Rocha's claims, a decision we review de novo. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1144 (9th Cir. 2011). *Res judicata* requires: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* at 1150 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

3.      Regarding the first requirement, we agree with the district court that there was an identity of claims between the two lawsuits because both stemmed from the same transactional nucleus of facts: an alleged pattern of retaliation that

ultimately resulted in Rocha's termination. Rocha failed to identify any barrier to raising all of her claims during the first lawsuit. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001). The final two elements are met because Rocha previously filed a lawsuit against CDCR that resulted in a Rule 68 judgment, as Rocha acknowledges.

**AFFIRMED.**