**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITEK SOLVENT SERVICES, INC., a Hawaii corporation, | No. 13-17151 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00704-DKW-RLP |
| v. | |
| CHRYSLER GROUP, LLC, a Delaware limited liability company, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 11, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Unitek Solvent Services appeals the district court's denial of a preliminary

injunction in Unitek's trademark infringement case against Chrysler Group.  We

have jurisdiction under 28 U.S.C. § 1292 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not clearly err in ruling that "ECODIESEL" was a descriptive mark, rather than a suggestive mark.[1]  *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1195 (9th Cir. 2009).  The district court did not violate the anti-dissection rule when it examined the two components of the ECODIESEL mark and then analyzed the composite term as a whole.  *See, e.g.*, *id.* at 1200–01; *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1015–18 (9th Cir. 1979).  Nor did the district court clearly err in holding that no "mental leap is required in order to reach a conclusion" that the ECODIESEL mark refers to environmentally friendly diesel fuel.  *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007) (internal quotation marks omitted); *see also Surgicenters*, 601 F.2d at 1015.

Volkswagen's registration of "ECODIESEL" in 1992 (a mark it apparently abandoned in 1999), provides little evidence of the distinctiveness of Unitek's mark, given that the more widespread use of the "eco-" prefix since 1992 has reduced its distinctiveness.  Nor does the attempted registration of the term "ECO-DIESEL" by Jeff Gordon provide evidence of distinctiveness, given that Gordon's application was ultimately rejected or abandoned.  The other "ECO-" registered

---

[1]Unitek does not argue on appeal that the ECODIESEL mark has acquired a secondary meaning.

2

marks cited by Unitek likewise provide little evidence of distinctiveness, because they are not "highly similar" to Unitek's mark, *Lahoti*, 586 F.3d at 1199, and relate to different goods, *see id.* at 1201. Finally, the evidentiary value of Chrysler's statements regarding the brand strength of "EcoDiesel" as applied to its diesel engines is slight. Accordingly, the district court did not abuse its discretion when it determined that Unitek had not demonstrated a likelihood of success on the merits of the trademark infringement claim.[2] *See Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013).

Moreover, the district court did not abuse its discretion by concluding that Unitek had not established a likelihood of irreparable harm. *See id.* at 1249. Although the record reflects some effort by Unitek to create a viable #2 diesel fuel product, the record does not suggest that Chrysler's use of "EcoDiesel" will have any appreciable effect on those efforts.

**AFFIRMED.**

---

[2]Because we affirm the district court's ruling on this ground, we do not reach its analysis of the likelihood of confusion question.

3