NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVY SILBERSTEIN and SILBERSTEIN AND SILBERSTEIN, LLC,<br><br>               Plaintiffs-Appellants,<br><br>  v.<br><br>FOX ENTERTAINMENT GROUP, INC.; et al.,<br><br>               Defendants-Appellees. | No.   16-55318<br><br>D.C. No.<br>2:15-cv-09276-R-PLA<br><br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 9, 2017
Pasadena, California

Before:  REINHARDT** and WARDLAW, Circuit Judges, and DANIEL, ***
District Judge.

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      Prior to his death, Judge Reinhardt concurred in this memorandum disposition.

     ***      The Honorable Wiley Y. Daniel, United States District Judge for the U.S. District Court for Colorado, sitting by designation.

Appellants Ivy Silberstein, et al., ("Silberstein") appeal the order of the district court granting Appellees Fox Entertainment Group, Inc.'s, et al., ("Fox" or "Fox Entertainment") Motion to Dismiss Plaintiffs' Complaint without leave to amend under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm on other grounds.

1.     We note that Silberstein has not registered her trademark on the Principal Register—rather, she has merely obtained registration on the Supplemental Register. **ER, 47.** The district court properly found that the SQRAT® ("Sqrat") Mark's June 12, 2012 registration on the Supplemental Register is inconsequential to a collateral estoppel determination. While "[r]egistration on the principal register shows that the Commissioner has determined that the mark is distinctive," and provides certain statutory presumptions, "[r]egistration on the supplemental register means that the Commissioner has determined that the mark is 'capable of distinguishing.'" *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir. 1985) (quoting 15 U.S.C. § 1091(a)). Unlike Principal Registration, "Supplemental Registration creates no substantive rights." *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, No. 12-00704DKW-RLP, 2013 WL 5503087, at *5 (D. Haw. Sept. 30, 2013), *aff'd,* 580 F. App'x 535 (9th Cir. 2014) (quoting J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* ("McCarthy") §

16-55318

19:37).  Furthermore, "registration is not a prerequisite to an infringement action."

*B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1305 (2015).

2.  Although the parties have not briefed, or raised, the issue of res judicata, "a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'"  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (quotation and citation omitted).   In this case, claim preclusion is supported by the record.  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted).  The record shows, and neither party disputes, that the parties fully litigated the New York action, including an appeal to the Second Circuit.  **ER, 6–7.**  Thus, there has been a final judgment on the merits.  Additionally, privity exists because Silberstein & Silberstein LLC succeeded to Ms. Silberstein's rights in the alleged mark.  **ER, 7.**  Thus, the question is whether there is an identity of claims.

3.  We consider four factors in determining an "identity of claims": (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve

16-55318

infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012) (citing *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir. 1982) (citation omitted)). The fourth criterion—the same transactional nucleus of facts—is the most important. *Id*. The fact that res judicata depends on an "identity of claims" does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1077. Rather, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Although Silberstein's claim in the Second Circuit was one for unfair competition under § 43(a) of the Lanham Act, the inquiry is the same for claims of trademark infringement under § 32 of the Act. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.").

4                                                                                            16-55318

4.      For purposes of res judicata, although Silberstein has obtained supplemental registration, Silberstein's claim that she has a protectable ownership interest in the mark she asserted in the Ninth Circuit is identical to her Lanham Act claim asserted in the Second Circuit. For a valid trademark infringement claim under the Lanham Act, Silberstein must establish priority of use in commerce. *See Rearden LLC*, 683 F.3d at 1203 ("It is axiomatic in trademark law that the standard test of ownership is priority of use."). To support her claim, Silberstein alleges that her pre-sales activity gives her priority of use in commerce against Defendant-Appellees. **ER, 5, 12–22.** Silberstein's claims arise from the same transactional nucleus of facts: in both lawsuits, Silberstein relies on the same pre-2004 facts to support her argument that her activity in marketing and promoting her Sqrat character sufficiently establishes her priority of use in commerce under the Lanham Act. **ER, 12–22, 34–36.** The trademark claims in the New York action were decided on the basis that Silberstein could not prove priority of use in commerce of the Sqrat Mark to establish a protectable ownership interest against Fox. **ER, 43–46.** Because the issue of Silberstein's priority of use in commerce of the Sqrat Mark has been decided, the litigation of her claims in California would impair or destroy the parties' rights and interests established by the Second Circuit.

**AFFIRMED.**

16-55318