NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN T. HESTAND,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>GILA RIVER INDIAN COMMUNITY;<br>LINUS EVERLING,<br><br>Defendants-Appellees. | No.    17-16583<br><br>D.C. No. 2:16-cv-04522-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 17, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[***]
District Judge.

Plaintiff-Appellant John Hestand filed a complaint in tribal court against

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]        The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Defendants-Appellees Gila River Indian Community and Linus Everling, in his official capacity, (Defendants) alleging age discrimination. The tribal court dismissed Hestand's complaint on the basis of tribal sovereign immunity. After the tribal court of appeals affirmed, Hestand filed a complaint in the district court. He now appeals the court's order granting Defendants' motion to dismiss with prejudice, and its conclusion that claim and issue preclusion barred his claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Hestand argues that federal questions involving sovereign immunity are always subject to de novo review. However, we have previously explained the general "rule that federal courts may not readjudicate questions—whether of federal, state or tribal law—already resolved in tribal court absent a finding that the tribal court lacked jurisdiction or that its judgment be denied comity for some other valid reason." *AT & T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 904 (9th Cir. 2002). While we review de novo a *district court's* determination whether sovereign immunity applies, *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002), this case involves a *tribal court's* determination. Principles of comity generally require us to recognize and enforce tribal court decisions. *See AT & T Corp.*, 295 F.3d at 903.

There are, however, "[t]wo circumstances [that] preclude recognition: when the tribal court either lacked jurisdiction or denied the losing party due process of

law." *Id.* Neither applies here. The tribal court's jurisdiction was never challenged—Hestand himself brought the claims to tribal court. For the first time on appeal, Hestand claims that violations of due process entitle him to de novo review. But the district court did not consider this issue, and it is therefore waived. *See Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016). Even if we were to consider the claim, Hestand alleges no actual due process violations by the tribal court; instead, he includes a general accusation that "the actions of the Defendants and tribal court denied Plaintiff's due process rights." This conclusory allegation does not preclude recognition of the tribal court's decision.

2.     Moreover, Hestand does not appeal the factual and legal bases for the district court's holding that claim and issue preclusion barred his claims. Instead, he attempts to argue the merits of his suit, claiming that the Indian Civil Rights Act somehow abrogates sovereign immunity in suits involving tribal employees, and that sovereign immunity was not a viable defense. Yet this is precisely what claim preclusion seeks to prevent. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata . . . bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997))). Because the district court correctly held that claim and issue preclusion barred Hestand's claims, we need not reach their merits.

**AFFIRMED.**