NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON, Plaintiff-Appellant, v. CITY AND COUNTY OF SAN FRANCISCO; MICKI CALLAHAN, Defendants-Appellees. | No. 19-15508 D.C. No. 3:18-cv-05553-MMC MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Carneice Kathrine Hall-Johnson appeals pro se from the district court's

judgment dismissing her employment action alleging federal law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Hall-Johnson's request for oral argument, set forth in the opening brief, is denied.

of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Hall-Johnson's action on the basis of claim preclusion because Hall-Johnson raised, or could have raised, her claims in her prior federal court action, which involved the same parties or their privies and resulted in a final judgment on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (setting forth elements of federal claim preclusion and explaining that an identity of claims exists between the first and second adjudications when "the two suits arise out of the same transactional nucleus of facts" (citation and internal quotation marks omitted)); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("It is immaterial whether the claims asserted . . . [in the second action] were actually pursued in the [first] action . . . ; rather, the relevant inquiry is whether they could have been brought." (citation and internal quotation marks omitted)).

**AFFIRMED.**

19-15508