**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEOFFREY ROBERT LAWSON, | No. 19-35141 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00361-SMJ |
| v. | |
| DAN PACHOLKE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Geoffrey Robert Lawson appeals pro se from the district court's order

dismissing his 42 U.S.C. § 1983 action alleging access-to-court claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010).  We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Lawson's access-to-court claims already raised or which could have been raised in his prior action as barred by the doctrine of res judicata.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (setting forth elements of res judicata).

Lawson's remaining access-to-court claims were properly dismissed because Lawson failed to allege facts sufficient to show he was injured by defendants' actions.  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim and actual injury requirement); *see also Christopher v. Harbury*, 536 U.S. 403, 417 (2002) (to plead an actual injury, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a),[ ] just as if it were being independently pursued").

The district court did not abuse its discretion by dismissing Lawson's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to

amend).

Lawson's challenges to the denial of his motions for a preliminary injunction are moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

We reject as meritless Lawson's argument that the district court should not have granted defendants' motion to amend their answer. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

All pending motions are denied.

**AFFIRMED.**