**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL ENOS; PAULA ENOS,

Plaintiffs-Appellants,

v.

U.S. BANK, N.A.,

Defendant-Appellee.

No.   19-15828

D.C. No. 3:18-cv-06101-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted December 10, 2020[**]
San Francisco, California

Before:  TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Plaintiffs Michael and Paula Enos appeal the district court's order granting

defendant U.S. Bank's motion for judgment on the pleadings.  Plaintiffs timely

appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we recite only those necessary to resolve the appeal.

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). Because Rule 12(b) motions to dismiss and Rule 12(c) motions for judgment on the pleadings are "functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Dismissal is warranted if the complaint fails to allege either a "cognizable legal theory" or "sufficient facts [] under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Here, on de novo review, we affirm the district court's judgment. *See Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

1. To prevail on a claim to cancel an instrument pursuant to Cal. Civ. Code § 3412, "a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh*, 205 Cal. Rptr. 3d 120, 128 (Ct. App. 2016) (citation

omitted).  We conclude the district court did not err by ruling that plaintiffs failed to allege a cognizable legal theory in support of their claim.

The Deed of Trust named MERS as the beneficiary of the Deed of Trust and the nominee for the original lender and its assigns.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (explaining that a court may consider material beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if "the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them" (citation and internal quotation marks and alterations omitted)).  The Deed of Trust further provided that MERS had the right to exercise any and all of the interests of the original lender.  Under California law, the Deed of Trust permitted MERS to sell or assign both the promissory note and the Deed of Trust on behalf of the original lender.  *See Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 477 (Ct. App. 2011), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 859 n.13 (Cal. 2016).  Accordingly, when MERS executed the Assignment of Deed of Trust it transferred both the promissory note and the Deed of Trust to U.S. Bank.  U.S. Bank was the beneficiary of the Deed of Trust at the time of the foreclosure sale and was entitled to purchase the property by credit bid.  *See Fontenot*, 129 Cal. Rptr. 3d at 477 ("Ordinarily, the owner of a promissory

3

note secured by a deed of trust is designated as the beneficiary of the deed of trust." (citing 11 Thompson on Real Property (2d ed. 1998) § 94.02(b)(7)(i), p. 346)); *Yvanova*, 365 P.3d at 850 (explaining that a trustee may only initiate foreclosure "at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust"); Cal. Civ. Code. § 2924h(b). The district court did not err by concluding plaintiffs had not alleged a cognizable theory underpinning their allegation that the Deed Upon Sale was void for lack of consideration.

2. Because we conclude the district court did not err by ruling plaintiffs had not alleged a cognizable legal theory, we do not consider the parties' arguments relating to tender and prejudice.

**AFFIRMED.**