**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AASIR AZZARMI,

    Plaintiff-Appellant,

v.

HOSANA BARBOSA WURTZ; et al.,

    Defendants-Appellees.

No. 20-55590

D.C. No. 2:20-cv-00607-DMG-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Aasir Azzarmi appeals pro se from the district court's judgment dismissing his action alleging violations of 42 U.S.C. § 1981 and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion. *Stewart v. U.S.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Azzarmi's action on the basis of claim preclusion because the claims were raised or could have been raised in prior actions between the parties or those in privity with them, and the prior actions resulted in final judgments on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710, 713-15 (9th Cir. 2001) (setting forth elements of claim preclusion under federal law and explaining that an identity of claims exists between the first and second adjudications when the suits arise out of the same transactional nucleus of facts and that a dismissal with prejudice under Rule 41(b) has preclusive effect).

The district court did not abuse its discretion by declaring Azzarmi a vexatious litigant and imposing pre-filing restrictions because the district court gave Azzarmi notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

The parties' motions to take judicial notice (Docket Entry Nos. 10, 11, 12, 13, 14, 21, 43, 44 and 63) are granted.

Azzarmi's motions for sanctions (Docket Entry Nos. 38, 60 and 71), motions to amend jurisdictional allegations (Docket Entry Nos. 45 and 48), motion to strike (Docket Entry No. 46), and motion to adjudicate (Docket Entry No. 66) are denied.

Azzarmi's motion to transmit the record (Docket Entry No. 31) is denied as unnecessary.

**AFFIRMED.**