**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAMELA D. LAWSON; MICHAEL T. MEEHAN,

Plaintiffs-Appellants,

v.

OCWEN LOAN SERVICING, LLC; et al.,

Defendants-Appellees.

No. 20-55215

D.C. No. 8:19-cv-01402-DOC-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 8, 2021[**]

Before:      CANBY, TASHIMA, and MILLER, Circuit Judges.

Pamela D. Lawson and Michael T. Meehan appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Media Rights Techs., Inc. v. Microsoft Corp.*, 922

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1014, 1020 (9th Cir. 2019) (dismissal based on claim preclusion); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We may affirm on any ground supported by the record. *United States v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' state law claims on the basis of claim preclusion because plaintiffs raised, or could have raised, these claims in their prior federal court action, which involved the same parties or their privies and resulted in a final judgment on the merits. *See Media Rights Techs., Inc.*, 922 F.3d at 1021 n.6 (9th Cir. 2019) ("[If] the decision to be given preclusive effect was rendered by a federal court exercising federal-question jurisdiction, federal common law determines whether preclusion applies."); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (setting forth elements of claim preclusion under federal law, and explaining that an "involuntary dismissal generally acts as a judgment on the merits" for the purpose of claim preclusion (citation and internal quotation marks omitted)).

To the extent that plaintiffs' state law claims were based on their contention that following their prior federal court action, the lien expired and was not enforceable at the time the foreclosure sale occurred, dismissal of these claims was proper because the lien has not yet expired. *See* Cal. Civil Code § 882.020(a)(1) (setting forth expiration date of lien); *Nat'l Ass'n for Advancement of*

2                                                                                    20-55215

*Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (when determining whether a plaintiff states a claim for relief, the court "may consider facts contained in documents attached to the complaint").

Dismissal of plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim was proper because plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See* 12 C.F.R. § 1024.36 (setting forth requirements applicable to a servicer regarding requests for information); *see also* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" for servicer violations under RESPA).

The district court did not abuse its discretion by dismissing plaintiffs' first amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

DB Residential, LLC and Equity Now Solutions, Inc.'s request for judicial notice is denied as unnecessary.

**AFFIRMED.**

20-55215