**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIGHT HARRY; RONALD STEPHEN
DRAPER,

Plaintiffs-Appellants,

v.

KCG AMERICAS LLC; et al.,

Defendants-Appellees.

No. 21-16258

D.C. No. 4:20-cv-07352-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Bright Harry and Ronald Stephen Draper appeal pro se from the district

court's judgment dismissing their action, declaring them vexatious litigants, and

entering a pre-filing review order against them.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Harry's claims as barred by issue preclusion and Draper's claims as barred by claim preclusion because the issues raised by Harry and Draper were adjudicated in a previous litigation against the same parties (or those in privity to the parties). *See Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (setting forth the elements of issue preclusion; holding that issue preclusion bars the relitigation of issues actually adjudicated in previous litigation); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (setting forth elements of claim preclusion).

The district court did not abuse its discretion by declaring plaintiffs vexatious litigants and entering a pre-filing review order against them because all of the requirements were met. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements for pre-filing review orders).

The district court did not abuse its discretion by denying plaintiffs' motion to recuse District Judge Gilliam because plaintiffs failed to demonstrate that a reasonable person would believe Judge Gilliam's impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and

2

455).

We reject as without merit plaintiffs' contentions that Judge Gilliam and Judge Tigar behaved improperly.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motion to amend their excerpts of record (Docket Entry No. 34) is granted.  All other pending requests are denied.

**AFFIRMED.**